**RESOLUTION TRUST CORPORATION, as Conservator of Central Federal Savings Bank, successor in interest to Central Federal Savings, FSB, Plaintiff,**

v.

**12A ASSOCIATES, Environmental Control Board of the City of New York, New York City Department of Housing Preservation and Development, Defendants.**

No. 91 Civ. 2998 (RPP).

United States District Court,
S.D. New York.

Jan. 31, 1992.

Rivkin, Radler & Kremer by Michael C. Marsh, Uniondale, N.Y., for plaintiff.

Gerard M. Karlen, New York City, for defendants.

## OPINION

ROBERT P. PATTERSON, Jr., District Judge.

The is an action of foreclosure brought by Resolution Trust Corporation ("RTC") against 12A Associates ("12A") for 12A's default on a mortgage Consolidation and Extension Agreement executed on July 21, 1987 (the "Agreement").[1] On papers filed September 25, 1991, RTC moved for summary judgment. On November 7, 1991, this Court granted RTC's motion for summary judgment and ordered RTC to submit an affidavit with respect to amounts due and owing.

On November 22, 1991, RTC filed its proposed judgment and affidavits in support thereof. By affidavit dated December 11, 1991, 12A opposed RTC's proposed judgment and disputed its allegations of amounts due and owing. On January 7, 1992, RTC submitted an affidavit in reply to 12A's position. On January 27, 1992, after inquiry from the Court about certain discrepancies in the amounts included in the proposed judgment, RTC filed a revised proposed judgment and supplemental affidavits in support of amounts due and owing.

## DISCUSSION

Having examined RTC's proposed judgment and affidavits filed in support thereof, the Agreement, the Mortgage, and other relevant documents, the Court concludes that RTC's proposed judgment still contains several mistakes of fact and erroneous conclusions of law.

## 1. ESCROW DEFICIENCY

■ RTC's proposed judgment and supporting affidavits include an escrow deficiency in the amount of $26,305.66. This sum includes $7,089.98 in attorneys' fees and a $4,000 appraisal fee. The Mortgage, however, provides that the escrow fund exists to pay taxes, water and other charges and assessments levied against the premises, and insurance for fire and other hazards. Mortgage ¶ 5. Payment of legal fees or appraisal fees are not charges "levied against the premises" as are tax, water, and certain other assessments. Accordingly, payment from the escrow fund of such charges is deemed not appropriate, and the sum of $11,089.98 is stricken from the escrow deficiency.

## 2. LATE CHARGES AND PENALTY INTEREST

■ RTC's proposed judgments include charges of $964,431.60 for default penalty interest of 24% and of $25,073.34 for late charges of 1% on outstanding principal. Neither the Agreement nor the Mortgage indicates that the parties did intend that both penalty interest and late charges should apply after default. Accordingly, the late charges of $25,073.34 are stricken from the proposed judgment.

## 3. DEFICIENCY JUDGMENT

■ In its proposed judgment of November 22, 1991, RTC included a clause which permitted them to seek a deficiency judgment against the defendants. 12A objected to this request, referring to Rider 4 of the Agreement which states:

The mortgagor shall have no personal obligation for payment pursuant to the mortgage obligation and the holder hereof agrees to look solely to the mortgaged property for the repayment thereof.

As well, ¶ 31 of the Mortgage states unequivocally:

The mortgagor shall have no personal obligation for repayment of the mortgage obligation and the holder hereof agrees to look solely to the mortgaged property for the repayment thereof.

Nevertheless, in its revised proposed judgment of January 27, 1992, RTC continues to include the clause permitting them to seek a deficiency judgment against defendants, and does not show a basis for this

---

1. The Agreement provides all "the terms, provisions, conditions, and covenants of the last aforesaid bond, note or obligation and mortgage are to be complied with ..." See Agreement, Covenants 5–6. The last such aforementioned instrument was a mortgage dated July 21, 1987 (the "Mortgage").

provision. The face of the Agreement and of the Mortgage indicates that a deficiency judgment is not permitted here.

## 4. ATTORNEYS' FEES

■ In its November 22, 1991 proposal, RTC double-billed 12A for certain legal fees. It included in the escrow deficiency $7,089.98 for attorneys' fees and also included that $7,089.98 in a separate calculation of attorneys' fees owed. The Court detected this double-billing, and informed RTC of the problem. RTC attempted to correct this error in its January 27, 1992 proposal by subtracting the attorneys' fees paid through the escrow fund from its total of separately requested attorneys' fees.

The Court has examined the Rivkin, Radler, and Kremer invoices of January 23 and January 24. These invoices include charges for attorney time spent revising the proposed judgment and request for attorneys' fees. In fact, some of those fees appear to have been billed on both the January 23 and January 24 invoices. Accordingly, the Court has stricken 7.10 hours of Mr. Marsh's time and 1.50 hours of Mr. Ortego's time. These charges total $1002.50.

Counsel's double-billing and inclusion of a deficiency judgment clause indicate to the Court that their performance as officers of the Court has been sub-standard and unprofessional. Accordingly, the Court strikes RTC's request for attorneys' fees.

The Court today endorses RTC's proposed judgment of January 27, 1992 subject to the above noted modifications.

IT IS SO ORDERED.